IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHERRENE TAYLOR,

    Plaintiff,

v.                                                                        CASE NO.:

WELLS FARGO BANK, NATIONAL
ASSOCIATION d/b/a WELLS FARGO        **JURY TRIAL DEMANDED**
DEALER SERVICES,

    Defendant.
_____/

# COMPLAINT

Plaintiff, Cherrene Taylor (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, Wells Fargo, National Association d/b/a Wells Fargo Dealer Services (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Florida Statute § 559.72(7) *et seq*. ("FCCPA").

## INTRODUCTION

1. Plaintiff alleges violation(s) of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

2. The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

6. Likewise, the FCCPA is designed and adopted to reinforce individual consumers' rights.

## JURISDICTION AND VENUE

7. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees and costs.

8. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331.

9. Venue is proper in this District as Plaintiff resides in this District, the violations described in this Complaint occurred in this District, and, Defendant transacts business within this District.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, whom resides in Charlotte County, Florida.

11. Plaintiff is a "consumer" as defined in Fla. Stat. § 559.55(8).

12. Plaintiff is an "alleged debtor."

13. Defendant is a person collecting an alleged obligation which arises out of personal, family or household transactions.

14. The alleged debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6), as it arises from personal, family or household transactions.

15. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), as she is the subscriber to and regular user of the phone number at issue.

16. Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

17. Defendant, Wells Fargo is a corporation with its principal place of business located at 420 Montgomery St., San Francisco, CA 94163 and which conducts

business in the State of Florida through its registered agent, Corporation Service Company, 1201 Hays St, Tallahassee, FL 32301-2525.

18. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number at issue, (252) XXX-6140 (hereinafter "cellular telephone number"); and was the called party and recipient of Defendant's hereafter described calls.

19. At all times material hereto, Defendant attempted to collect on a debt, loan account number XXXXXX4042 (hereafter the "subject account"), which was issued and/or serviced by Defendant.

20. Defendant intentionally, knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number, from February 2011 through the present date, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

21. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using and "automatic telephone dialing system" (hereinafter "ATDS") which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including, without limitation, to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1).

22. Furthermore, each of the calls at issue were placed by Defendants using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

23. In or about February 2011, Defendant initiated its campaign of phone calls to Plaintiff on Plaintiff's cellular telephone number.

24. Upon receipt of the calls, Plaintiff's caller ID identified the calls were being initiated from, including but not limited to the following telephone numbers: (800) 289-8004.

25. In or about May 2015, upon receipt of a call from Defendant, Plaintiff answered the call, received Defendants' prerecorded message, held on the line to be connected to a live agent/representative and informed the agent/representative of Defendant she was not behind nor late on her monthly payments, its incessant calls were harassing her, and, demanded Defendant cease all calls to her aforementioned cellular telephone number, therefore, revoking any previously perceived express consent to be called using the Defendants' ATDS, predictive dialer, prerecorded message or artificial voice.

26. During the May 2015, phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any perceived express consent Defendant may have believed it had to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or prerecorded or artificial voice.

27. Each subsequent call Defendant made to Plaintiff's cellular telephone number were done so without the "express permission" of Plaintiff.

28. Despite Plaintiff informing Defendant to stop calling, Defendant's calls to Plaintiff's cellular telephone number continue.

29. Defendant has called Plaintiff in excess of one hundred (100) times since February 2011, in an attempt to collect the subject account.

30.  Defendant attempted to collect a debt from Plaintiff by this campaign of telephone calls.

31.  Due to the high call volume of calls placed by Defendant to cellular telephone number, Plaintiff was unable to keep a complete log of each and every call she received from Defendant; however, the following is a sampling of the calls which Plaintiff received in May 2015:

　　i.　　One call on May 1, 2015 at 11:44 a.m.;

　　ii.　　One call on May 2, 2015 at 10:43 a.m.;

　　iii.　　One call on May 4, 2015 at 12:19 p.m.;

　　iv.　　One call on May 5, 2015 at 12:54 p.m.;

　　v.　　One call on May 6, 2015 at 6:49 p.m.;

　　vi.　　One call on May 7, 2015 at 6:05 p.m.;

　　vii.　　Two calls on May 8, 2015 at 10:25 a.m. and 7:20 p.m.;

　　viii.　　One call on May 9, 2015 at 12:23 p.m.;

　　ix.　　One call on May 11, 2015 at 12:42 p.m.;

　　x.　　Two calls on May 13, 2015 at 9:46 a.m. and 4:56 p.m.;

　　xi.　　Two calls on May 14, 2015 at 11:35 a.m. and 6:05 p.m.;

　　xii.　　One call on May 16, 2015 at 12:02 p.m.;

　　xiii.　　One call on May 18, 2015 at 11:39 a.m.; and

　　xiv.　　Two calls on May 19, 2015 at 4:53 p.m. and 5:04 p.m.

32.  Defendant has, or should be in possession and/or control of, call logs, account notes, autodialed reports and/or other records that detail the exact number of all calls it made to Plaintiff.

33. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse, calling Plaintiff despite not having Plaintiff's express permission to call her cellular telephone number.

34. Defendant has a corporate policy(ies) and/or procedure(s) which are structured as to continue to call individuals like Plaintiff, despite these individuals revoking any consent Defendant may have had to make such calls.

35. Defendant's corporate policy(ies) and procedures provided no means for Plaintiff to have Plaintiff's cellular telephone number removed from Defendant's call list or otherwise permit the cessation of and/or suppression of calls to Plaintiff from Defendant.

36. Defendant has a corporate policy(ies) of using an ATDS or prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

37. Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

38. Defendant has many similar complaints from consumers across the county, as those alleged in this lawsuit, by Plaintiff.

39. Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone number by the use of an ATDS or prerecorded or artificial voice immediately upon Defendant's placement of the calls.

40. Defendants knowingly employ methods and/or has a corporate policy(ies) designed to harass and abuse individuals.

41. Defendant knowingly employs methods and/or has a corporate policy(ies) that do not permit the cessation of or suppression of autodialed calls to Plaintiff's cellular telephone number.

42. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

43. Not a single call Defendant placed to Plaintiff's cellular telephone numbers was for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

44. Defendant willfully or knowingly violated the TCPA with respect to Plaintiff.

45. For each call Defendant placed to Plaintiff's cellular telephone without express consent, Plaintiff suffered from the occupation of her cellular telephone line and cellular telephone by unwelcomed calls which made the cellular phone unavailable for legitimate incoming or outgoing calls.

46. For each call Defendant placed to Plaintiff's cellular telephone without express consent, Plaintiff suffered from unnecessary expenditure of her time. The time Plaintiff spent on answered calls was unnecessary because she repeatedly asked for calls to stop. Additionally, Plaintiff expended unnecessary time for unanswered calls by dealing with notifications and call logs that reflected the unwanted calls. Furthermore, this also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

47. Each and every call Defendant placed to Plaintiff's cellular telephone without express consent resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

48. Each and every call Defendant placed to Plaintiff's cellular telephone without express consent resulted in the injury of trespass to Plaintiff's chattel, namely her cellular telephone and cellular telephone services.

49. As a result of aforementioned tenacious phone calls and collection efforts, Plaintiff was affected, both personally and individually, as she experienced an invasion of privacy. Plaintiff also suffered severe stress, worry, anxiety, nervousness, hypertension, embarrassment, humiliation, intimidation, headaches, dizziness, as well as a general loss of happiness, sleep, and further suffered an invasion of privacy, strain with her marriage and familial relationships. Additionally, Plaintiff was hindered by the loss of phone battery life and phone minutes as well as the cost of additional charging, and the intrusion upon and occupation of the capacity of her cell phone. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a consumer debt allegedly owed by Plaintiff.

## COUNT I
### (Violation of the TCPA)

50. Plaintiff re-alleges and fully incorporates Paragraphs one (1) through forty-nine (49) above as if fully stated herein.

51. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone number using an ATDS or prerecorded or artificial voice

without Plaintiff's prior express consent and in violation of federal law, including, without limitation, 47 U.S.C. § 227(b)(1)(A)(iii).

52. Defendants willfully and/or knowingly violated the TCPA, with respect to all if their calls made to Plaintiff's cellular telephone numbers after Plaintiff revoked consent to be called and without Plaintiff's express consent.

53. Defendant willfully and/or knowingly violated the TCPA, specifically for each of the calls made to Plaintiff's cellular telephone numbers after Plaintiff notified Defendants on or about May 2015, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged perceived consent Defendant believed it had to contact Plaintiff, and told Defendant to cease calling Plaintiff.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

54. Plaintiff re-alleges and fully incorporates Paragraphs one (1) through forty-nine (49) above as if fully stated herein.

55. At all times relevant to this action, Defendant is subject to and must abide by the law of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

56. Defendant has violated Fla. Stat. §559.72(7) by willfully engaging in conduct with such frequency which can reasonably be expected to harass the debtor.

57.	Defendant has violated Fla. Stat. §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor.

58.	Defendant actions has directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

_____
Jared M. Lee, Esquire
Morgan & Morgan, Tampa, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Tele: (407) 420-1414
Fax: (407) 245-3485
Florida Bar No.: 0052284
JLee@ForThePeople.com
KVanBuskirk@ForThePeople.com
MHoilett@ForThePeople.com
Counsel for Plaintiff